# TŪBINS *v.* DISTRICT OF COLUMBIA.

PRACTICE; POLICE COURT; APPELLATE PRACTICE; EVIDENCE; OPINIONS; FIERCE AND DANGEROUS DOGS, KEEPING OF.

1. The proper time to give notice of intention to apply to this court for a writ of error in a case tried in the police court of this District, is when the first exception is taken; but it is not necessary to repeat the notice with every exception taken.

2. In a prosecution for keeping a fierce and dangerous dog, knowing it to be such, the testimony of a witness for the prosecution, as to a complaint made by him to a policeman after witnessing an attack made by the dog on a boy, with a view of having the matter communicated by the policeman to the owner of the dog, which communication is thereafter shown to have been made by the officer, is admissible.

3. Where no assignments of error are based on exceptions reserved and shown by the record, such exceptions need not be considered.

4. A question propounded the accused in his own behalf in a prosecution for keeping a fierce and dangerous dog knowing it to be such, as to whether he had ever had any difficulty in distinguishing his own dog from another in the neighborhood, the purpose being to show that the witnesses for the prosecution might have been mistaken as to the identity of the animal calls merely for the expression of an opinion and is irrelevant and inadmissible, although he might properly have been allowed to testify as to the similarity of the two animals.

5. Where the record on a writ of error to the police court does not purport to contain all the evidence, in strictness, an assignment of error by the plaintiff in error based upon a refusal of that court to find for him on all the evidence, need not be considered.

6. In a prosecution for keeping a fierce and dangerous dog, knowing it to be such, the *scienter* must be alleged and proved, but the knowledge required to be proved is not knowledge of any alleged attacks made by the animal, but knowledge that the animal is fierce or dangerous.

7. Testimony in such a prosecution is sufficient to raise a question of fact as to the fierce and dangerous character of the dog, when it

shows apparent attacks by him on various persons, although they may have been harmless gambols, and when it tends to show his propensity to attack and even to bite.

No. 1262.  Submitted January 22, 1903.  Decided February 4, 1903.

IN ERROR to the police court of the District of Columbia.

The COURT in the opinion stated the case as follows:

Information was filed in the police court against the plaintiff in error, as the owner of a certain dog, for allowing it to be at large in the District, knowing it to be fierce and dangerous, to the danger and annoyance of the inhabitants of the District, in violation of the act of Congress of June 30, 1902. This act (32 Stat. 547), which is an amendment of a previous act of June 19, 1878 (20 Stat. 173), provides as follows:

" That if any owner or possessor of a fierce or dangerous dog shall permit the same to go at large in the District of Columbia, knowing said dog to be fierce or dangerous, to the danger or annoyance of the inhabitants, he shall, upon conviction thereof, be punished by a fine not exceeding $20; and if such animal shall attack or bite any person, the owner or possessor thereof shall, on conviction, be punished by a fine not exceeding $50; and in addition to such punishment the court shall adjudge and order that such animal be forthwith delivered to the poundmaster, and such poundmaster is hereby authorized and directed to kill such animal so delivered to him."

Upon a plea of " not guilty " two trials were had, in both of which the defendant was found guilty. The verdict having been set aside in the first trial and a new trial ordered, the second had the same result. The rulings in this second trial are now brought before this court on bill of exceptions and writ of error.

[The further material facts will be found stated in the opinion — REPORTER.]

*Messrs. Douglass & Douglass* and *Mr. John A. Saul* for the plaintiff in error:

1. The identification of the animal was necessary to a conviction. The witnesses for the plaintiff failed to identify this animal, and the evidence of the defendant was offered to show that the owner of the animal in question had had difficulty in distinguishing it from other animals in the immediate neighborhood. It is inconceivable why evidence of this character could be ruled out as incompetent or irrelevant.

2. The defendant cannot be bound by any statements made by the witness Frazier to the police officer or by the police officer to said witness, as neither of them are parties to this suit. If the issue raised in this case had involved any delay upon the part of the witness Frazier in making complaint, then the question would have been a very different one; but the simple issue involved here is (*a*) the nature and disposition of the animal in question; (*b*) what knowledge the defendant had of such disposition. Under no circumstances can it be shown that the testimony above referred to was proper for any purpose.

3. The manifest object of this statute under which this information was filed was to hold the owner or custodian of an animal of a fierce and dangerous disposition, who keeps the same with *knowledge* of its fierce and dangerous disposition, liable under the terms of this statute. The prerequisite of conviction, however, under this statute is *scienter*. It is conceded that the cases involving the question of *scienter* in a criminal proceeding of this character are very rare, but in the civil side of the court they are very numerous. Under the authorities hereinafter referred to it is submitted that *scienter* may be proved in two ways: (*a*) knowledge upon the part of the defendant of the *general* fierce and dangerous disposition of the animal; (*b*) knowledge of such specific acts upon the part of the animal as would lead a person of reasonable care and prudence to take notice of its propensities. See *Twigg* v. *Ryland,* 62 Md. 385; *Congress, etc.* v. *Edgar,* 95

U. S. 645; *Good* v. *Martin,* 57 Md. 606, and cases there cited; 2 Encyc. of L. & Prac., 389; *Rogers* v. *Rogers,* 4 N. Y. St. 373; 2 Encyc. of L. (2d ed.) 369; *Webber* v. *Hoag,* 8 N. Y. Supp. 76; 28 N. Y. St. 630. See also *McConnell* v. *Lloyd,* 9 Pa. Super. Ct. 25; *Benoit* v. *Troy, etc., RR. Co.,* 154 N. Y. 223. The idea of *scienter* is rebutted where in an action against the owner of bees for an injury done by them to the plaintiff's horses while the horses were traveling along the highway past the place where the bees were kept, it appeared that the bees had been kept there in the same situation for eight or nine years, and there was no proof of any injury having been done by them, but on the contrary it was shown by witnesses residing in the neighborhood testifying that they had been in the habit of passing and repassing frequently without being molested. *Earle* v. *Van Alstine,* 8 Barb. (N. Y.) 630.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the District of Columbia, defendant in error.

Mr. Justice MORRIS delivered the opinion of the Court:

1. It is objected on behalf of the defendant in error that the case is not properly before this court, inasmuch as, according to the record, as it is argued, notice of intention to apply to this court for a writ of error was not given until after the conclusion of the trial, when the law and the rules of this court in the premises made pursuant to the law require that such notice be given at the time of the ruling of the court. The objection is probably technically correct; but as this case can otherwise be disposed of, it is unnecessary to consider the objection here, or the motion to dismiss the appeal, which has been made on this ground. It may be well, however, to notify counsel that the proper time to give notice of intention to apply to this court for a writ of error in these cases tried in the police court is when the first exception is taken, when the purpose of the requirement of the notice is best subserved. But it will not be nec-

essary to repeat the notice with every exception that is taken.

2. There are five exceptions in the case. The first is to the admission in evidence of a complaint made to a police officer by a witness of an attack made by the dog upon a little messenger boy, with the view of having the matter communicated by the officer to the owner of the dog, which communication the officer testified that he made. We do not think that there can be any reasonable objection to such testimony. Complaint to an officer of the law in order to set the instrumentalities of the law in motion stands upon a very different basis from communications to other persons who have no such status. Moreover, it was proper to bring home knowledge to the plaintiff in error of the vicious character of his dog, if such vicious character there existed; and we see no reason, and none has been pointed out to us, why communications to that effect which have actually been conveyed to the owner of the animal should not be admitted in evidence. If the dog was actually vicious there could have been no better way of charging him with knowledge of the fact.

3. The police officer referred to was called as a witness for the prosecution; and he testified that, in pursuance of the complaint made to him, he went to see the plaintiff in error; told him of the complaints that had been made, and asked him to confine the dog. He added that the plaintiff in error then asked him to test the dog for himself and see whether it was dangerous; and that, at the request of the plaintiff in error, he drove the dog down the stairs to the basement of the house and that it exhibited no sign of bad temper. Upon cross-examination he was asked whether he considered the dog dangerous or vicious, and the question was excluded and exception noted. But as no assignment of error is based upon this exception it need not be considered.

The same remark may be made in regard to another exception which appears in the record in connection with a question put to one of the witnesses for the defense, which was whether he considered collie dogs, to which class this animal

belonged, dangerous as a class.   No assignment of error is based upon it, and of course it need not be considered.

Called as a witness on his own behalf, the plaintiff in error, after testifying at some length, was asked by his counsel whether he had ever had any difficulty in distinguishing his own dog from another in the immediate neighborhood. To this question objection was made on the part of the prosecution, and the objection was sustained, and exception noted. The ruling is made the ground of one of the assignments of error.   But we do not think that the exception was well taken. The evident purpose of the proposed testimony was to show that the witnesses for the prosecution might have been mistaken as to the identity of the animal.   But while the plaintiff in error might properly have been allowed to testify as to the similarity of the two animals, any difficulty which he himself might have in distinguishing them would be wholly irrelevant.   It was a fact, if fact it was, upon which he could not well have been cross-examined.   It was mere matter of opinion.

4. But the alleged error principally insisted on by the plaintiff in error is that of the refusal of the trial court at the conclusion of the testimony " to rule as matter of law that from the facts shown in this case the defendant was not guilty of any violation of the statute for the reason that there was no testimony whatever showing or tending to show that the defendant had any knowledge of the alleged attacks made by the animal, and that he had no knowledge of any facts going to show any vicious or dangerous tendencies on the part of the animal."   The instruction requested involves a demurrer to the evidence, and is intended to raise the question of guilty knowledge on the part of the plaintiff in error, without which, of course, there could not properly be a conviction.   We think that it was properly denied.

It is objected on behalf of the defendant in error that we should not consider the ruling at all, inasmuch as the record does not purport to contain all the evidence.   If the case is strictly considered in accordance with the uniform tenor of the authorities on this point, this objection is undoubtedly

well founded.  But assuming, as probably is the fact, that the record does contain the substance of all the testimony, we do not find any warrant in law for the ruling as requested by the plaintiff in error.

The law requires as a necessary prerequisite to a conviction in a case like this that the accused person should have knowledge that his dog is fierce or dangerous, and with such knowledge should have permitted the animal to go at large. The *scienter,* as it is called, is an essential element of the offense, necessary to be alleged and proved by the prosecution. But the knowledge required to be proved is not knowledge of any alleged attacks made by the animal, but knowledge that the animal was fierce or dangerous, which is a very different thing.  On this ground alone the ruling requested was objectionable.  The testimony of the policeman and of the witness who made complaint to him was amply sufficient to be considered as tending to show that actual knowledge was brought home to the plaintiff in error of the vicious character of the animal, if that vicious character was itself sufficiently sustained by the testimony in the case.

It may be that the dog was only playful.  The collie dog is usually harmless and good-natured.  There is abundant evidence of apparent attacks by him on various persons; it may be that they were harmless gambols, and that he intended no mischief.  There is ample testimony tending to show his propensity to attack and even to bite; but whether this case for its own harmless amusement or with intent to do injury it is not for us to say.  Many persons prefer not to receive such pointed attentions, even if they are harmless; and women and children especially are apt to be frightened or annoyed by them.  Strangers cannot always tell in advance whether the attentions are intended to be harmless or otherwise; and they have a right to be protected from them.  The case was one proper to be submitted to a jury, or to the trial court sitting as a jury, for a determination of the fact whether the dog was actually fierce or dangerous, and whether as such it annoyed the people.  If it was such, there was ample testimony at the same time upon which the trial court might

hold that the plaintiff in error had knowledge of the fact. There was therefore no error in the ruling that was made.

It follows that the judgment of the police court must be affirmed, with costs. The cause will be remanded to that court for the execution of its judgment according to law. And it is so ordered. *Affirmed.*